

JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:

SEAN PUCKETT
AKA SEAN P. PUCKETT
AKA SEAN PATRICK PUCKETT,

    DEBTOR.

PHH MORTGAGE CORPORATION,

    MOVANT,
vs.

SEAN PUCKETT
and ELLEN W. COSBY, TRUSTEE,

    RESPONDENTS.

CHAPTER 13

CASE NO. 14-24569-JFS

### CONSENT ORDER GRANTING MODIFICATION OF STAY

    The Motion of the Movant, PHH Mortgage Corporation, its assignees and/or successors in interest, to amend the automatic stay having been properly served on the Debtor and, upon agreement by Counsel,

    It appears that Debtor is in possession of a certain real property located at 203 Grand Drive, Taneytown, MD 21787, encumbered by a Deed of Trust dated April 28, 2006, recorded among the Land Records in the County of Carroll, Maryland,

    Upon consideration of the foregoing, it is **ORDERED**:

1.     Debtor will resume making all future regular monthly installment payments in the amount of $987.19, as they become due commencing August 1, 2015, to include any late charges effective as of the August 1, 2015 payment, if applicable, pending further notice from the Movant.

    2.    Debtor will cure any arrearage currently due to the Movant for the months of October 2014 through July 2015, minus credits received, in the total amount of $4,934.58, which arrears were calculated as follows:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 7 | 10/01/2014 | 04/01/2015 | $1,040.81 | $7,285.67 |
| 3 | 05/01/2015 | 07/01/2015 | $987.19 | $2,961.57 |
| Less Credit for Payment Received on 04/21/2015 | | | | ($1,015.00) |
| Less Credit for Payment Received on 05/07/2015 | | | | ($291.85) |
| Less Credit for Payment Received on 05/21/2015 | | | | ($988.00) |
| Less Credit for Payment Received on 06/23/2015 | | | | ($989.00) |
| Less Credit for Payment Received on 07/16/2015 | | | | ($988.00) |
| Less Credit for Payment Waived by PHH Mortgage Corporation | | | | ($1,040.81) |
| Less post-petition partial payments (suspense balance): | | | | ($0.00) |
| | | | Total: | $4,934.58 |

    a.    The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

    b.    **Payment in the amount of $4,934.58 is due within thirty (30) days of the entry date of this Order, providing for full payment of said post-petition arrearages.**

    c.    All future payments made pursuant to the terms of this Order should be forwarded to the following address until further notice:

        PHH Mortgage Corporation
        2011 Leadenhall Road
        Mail Stop: SV01
        Mount Laurel, NJ 08054

    **ORDERED** that in the event that the full payment in the amount of $4,934.58 or any payment to be made by Debtor as set forth herein above is not received by PHH Mortgage Corporation as provided herein, then PHH Mortgage Corporation may serve a written notice of such default to Debtor requiring cure of said default within a fourteen (14) day period after the mailing of the above written notice. Cure shall consist of payment of the missed payments, any late charge accrued on such missed payments, attorney's fees and costs for providing the notice, and any other payments becoming due under the terms of this Consent Order between the date of the notice of default and before the actual tender of the curing payment. Only two such cure opportunities are allowed by this Order and any subsequent default shall be deemed incurable.

    **ORDERED** that any notice of default shall be mailed, by first class mail, postage prepaid, and addressed to Debtor and attorney for Debtor as follows:

        Sean Puckett
        203 Grand Dr.
        Taneytown, MD 21787-2305

        Edward M. Miller
        202 E. Main Street
        1st Floor
        Westminster, MD 21157

**ORDERED** that failure to cure in a timely manner or a breach for which cure is not permitted shall be evidenced by a Declaration of Default. Upon the filing of such Declaration, and without further order of this Court, the automatic stay imposed pursuant to 11 U.S.C. Section 362(a) shall be lifted as to Movant, to permit enforcement of the provisions of the Deed of Trust with respect to the Subject Property, including but not limited to foreclosure pursuant to any power of sale. In the event of a foreclosure, if the Debtor fails to voluntarily vacate the premises, Movant or any purchaser at said foreclosure sale may proceed with all remedies available in state court.

If the Debtor files an objection to the notice of default, and/or the Court sets the matter for hearing, the automatic stay shall remain in effect until a ruling is issued by the Court resolving the matter. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

3. Until the automatic stay is terminated, Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in the incorrect amount.

4. The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

5. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $200.00, for issuance of a Declaration of Default and filing of a Notice of Intent.

6. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

7. If the case shall be converted from a Chapter 13 to a Chapter 7, the automatic stay as to PHH Mortgage Corporation shall be lifted effective the date of conversion without further order of this Court.

8. Nothing contained herein shall be deemed or construed to waive, reduce or otherwise prejudice any rights of PHH Mortgage Corporation with respect to the above-referenced Note and Deed of Trust.

Approved as to Form and Content
<u>By:</u> **/s/ Kimberly B. Lane**
Randa S. Azzam, Esquire, Bar No. 22474
Kimberly B. Lane, Esquire, Bar No. 18513
Samuel I. White, P. C.
611 Rockville Pike,
Suite 100
Rockville, MD 20852
Tel: (301) 804-3400
Fax: (301) 838-1954
kbritt@siwpc.com
Counsel for PHH Mortgage Corporation

Seen and Agreed:

**/s/ Edward M. Miller**
_____

Edward M. Miller
Counsel for Debtor
202 E. Main Street
1st Floor
Westminster, MD 21157

    I hereby certify that the terms of the copy of the Consent Order submitted to the Court are identical to those set forth in the original Consent Order; and the signatures represented by the /S/ on the copy of the Consent Order submitted to the Court reference the signatures of consenting parties obtained on the original Consent Order.

By: **/s/ Kimberly B. Lane**

## SERVICE LIST

| | |
|---|---|
| Sean Puckett<br>203 Grand Dr.<br>Taneytown, MD 21787-2305 | Debtor |
| Edward M. Miller<br>202 E. Main Street<br>1st Floor<br>Westminster, MD 21157 | Counsel for Debtor |
| Ellen W. Cosby<br>300 E. Joppa Road<br>Suite 409<br>Towson, MD 21286 | Chapter 13 Trustee |
| PHH Mortgage Corporation<br>2011 Leadenhall Road<br>Mail Stop: SV01<br>Mount Laurel, NJ 08054 | Movant |
| Kimberly B. Lane<br>kbritt@siwpc.com<br>611 Rockville Road, Suite 100<br>Rockville, MD 20852 | Counsel for Movant |

**END OF ORDER**